[NOT YET SCHEDULED FOR ORAL ARGUMENT]

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| KATIE PHANG,<br>Plaintiff-Appellee,<br>v.<br>TODD BLANCHE, in his official capacity as Attorney General of the United States,<br>Defendant-Appellant. | No. 26-05299 |
| KATIE PHANG,<br>Plaintiff-Appellee,<br>v.<br>TODD BLANCHE, in his official capacity as Attorney General of the United States,<br>Defendant-Appellant. | No. 26-05334 |

**PARTIALLY OPPOSED MOTION FOR EXPEDITED BRIEFING AND ARGUMENT**

For the following reasons, the government respectfully requests that the Court set an expedited briefing schedule and hear oral argument in these cases in the first two weeks of February or as soon as practicable thereafter:

| | |
|---|---|
| Government's opening brief: | December 4, 2026 |
| Plaintiffs' answering brief: | January 8, 2027 |
| Government's reply brief: | January 25, 2027 |
| Deferred appendix: | January 29, 2027 |
| Final briefs: | February 3, 2027 |

**1.** The Epstein Files Transparency Act requires the Attorney General to make publicly available various categories of records that relate to Jeffrey Epstein. Pub. L. No. 119-38, 139 Stat. 656 (2025) (EFTA). The EFTA provides that the Department may withhold or redact records for various reasons. EFTA § 2(c)(1). The Department of Justice announced that it had completed its production of records on January 30, 2026. Department of Justice, *Epstein Files Transparency Act–Production of Department Materials* (Jan. 30, 2026).[1] In April 2026, Plaintiff-Appellee Katie Phang sued Defendant-Appellant then-acting Attorney General Blanche alleging that the Department had failed to comply with the EFTA and moved for a

[1] https://www.justice.gov/opa/media/1426091/dl.

preliminary injunction. ECF Nos. 1, 9.[2]. Defendant argued, *inter alia*, that private parties could not enforce the EFTA. The district court held otherwise and granted Plaintiff's motion. ECF Nos. 15, 16. As relevant here, the district court has ordered Defendant to "initiate review and production of foreign language documents" that relate to Jeffrey Epstein. ECF No. 49 p. 5.

**2.** This Court denied Defendant's motion for a stay pending appeal. Doc. 2200619. The Court did not address the question whether the EFTA is enforceable by private parties. *Id.* Instead, the Court held that "the government has failed to show that it is irreparably harmed" absent a stay pending appeal. *Id.*

**3.** This Court has set a briefing schedule under which Defendant's opening brief is due December 15, 2026; Plaintiff's response brief is due January 14, 2027; Defendant's reply brief is due February 4, 2027; the deferred appendix is due February 11, 2027; and Final Briefs are due February 25, 2027. No argument date has been set.

**4.** There is good cause to grant this motion for expedited briefing and argument under Circuit Rule 47.2(a). Defendant will suffer irreparable injury absent expedition because so long as this appeal is pending, Defendant must continue to perform a burdensome review and production process

[2] *Phang v. Blanche*, No. 1:26-cv-01417 (D.D.C.)

premised on the theory that Plaintiff can privately enforce the EFTA (and that the district court's order requiring review and production was proper). Expedition would decrease the likelihood that Defendant is forced to complete its review and production of documents before this Court gets the chance to determine whether Plaintiff's lawsuit was proper in the first place. Indeed, this Court's denial of a stay pending appeal on the ground that production was not "imminent" likely assumed (albeit not expressly) that the appeal would be expedited to at least some degree.

The decision under review is also subject to substantial challenge. It is undisputed that the EFTA does not itself provide a private right of action. And the district court's holding that private litigants can enforce the EFTA through the Administrative Procedure Act (APA) presents at least two questions of first impression: (1) whether the EFTA and the Freedom of Information Act (FOIA) implicitly preclude an APA action; and (ii) even if not, whether the APA right of action is inapplicable because FOIA provides an adequate remedy (among other arguments Defendant will raise). As explained in Defendant's stay motion, private litigants cannot enforce the EFTA. Doc. 2194494 pp. 19-24. Defendants will also raise other arguments about the relief that the district court granted Plaintiff. *Id.* at pp. 24-31. The stay panel did not reach any of these issues.

**5.** Defendant's request for expedition is reasonable. The proposed schedule advances merits briefing and accelerates the deferred appendix and final briefs so that the appeal will be ready for argument during the requested period. Counsel will coordinate promptly concerning appendix designations and preparation to meet those deadlines.

**6.** Counsel for Plaintiff have authorized the undersigned to include the following statement regarding Plaintiff's position on this motion:

> Plaintiff does not object to the proposed briefing schedule or to Defendant's proposal that oral argument occur in early February. As of this filing, Plaintiff's counsel can be available for argument at any time during the first two weeks of February. Plaintiff accordingly does not oppose the scheduling request as such and does not intend to file a response to this motion (unless ordered to do so by the Court).
>
> Plaintiff opposes the motion to the extent that Defendant argues that he satisfies Circuit Rule 47.2(a)'s requirement to show "irreparable harm." As the special panel correctly ruled in denying the motion for a stay pending appeal, Defendant will not suffer irreparable harm during the pendency of this appeal. Specifically, for the reasons given in Plaintiff's brief opposing a stay, Defendant will not suffer irreparable harm merely from reviewing documents that by law should have been reviewed by December 2025. Nor will Defendant suffer irreparable harm from production, since—as the special panel recognized—he will produce only documents that he himself determines are required to be produced under the Epstein Files Transparency Act.

Respectfully submitted,

/s/ *Michael Weisbuch*

MICHAEL WEISBUCH
Deputy Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-9500

NOVEMBER 2026

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 865 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Georgia 14-point font, a proportionally spaced typeface.

*/s/ Michael Weisbuch*
Michael Weisbuch

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Michael Weisbuch*
Michael Weisbuch